**HONE LAW**
Jill Garcia, NV Bar No. 7805
jgarcia@hone.law
Amy L. Howard, NV Bar No. 13946
ahoward@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax    702-703-1063

*Attorneys for Plaintiff*
*Liliane Kelaa*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LILIANE KELAA, an individual, | Case No. 2:22-cv-554 |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| DIAMOND RESORTS INTERNATIONAL, INC., a Delaware corporation; HILTON GRAND VACATIONS INC., a Delaware corporation as successor-in-interest; NOAH BLOOM, an individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES, I through X, inclusive, | |
| Defendants. | |

Plaintiff Liliane Kelaa ("Kelaa"), by and through her undersigned counsel, files this Complaint against Defendant Diamond Resorts International, Inc. ("Diamond"), Hilton Grand Vacations Inc. ("Hilton" together with Diamond, collectively "Corporate Defendants"), and Noah Bloom ("Bloom" together with Diamond, and Hilton, collectively "Defendants"), and states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action for damage brought by Plaintiff Kelaa for unlawful workplace discrimination and harassment based on sex and national origin, as well as retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and Nevada

Revised Statute § 613.330, *et seq.*; and for certain other claims brought pursuant to Nevada law as outlined below.

2. Plaintiff Kelaa is, and was at all relevant times, an individual residing in Nevada.

3. Defendant Diamond is, and was at all relevant times hereto, a corporation organized under the laws of the State of Delaware. Defendant Diamond does business in Clark County, Nevada, and has been doing business in Clark County, Nevada at all times relevant to this action.

4. Defendant Hilton is, and was at all relevant times hereto, a corporation organized under the laws of the State of Delaware. Defendant Hilton is a successor-in-interest to Defendant Diamond and/or a successor to the assets and liabilities of Defendant Diamond. Defendant Hilton does business in Clark County, Nevada, and has been doing business in Clark County, Nevada at all times relevant to this action.

5. Corporate Defendants employ 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and are therefore subject to the provisions of Title VII and the Nevada statutes outlined herein.

6. Defendant Bloom, an individual residing in Nevada, is the Director of Sales at Diamond. At all times referenced herein, Bloom was responsible for the acts described while acting in his capacity as Director of Sales and executive at Diamond.

7. All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendants, individually or acting by and through their agents and employees. Said acts and/or failures to act were within the scope of any agency or employment or were ratified by Defendants.

8. The names and capacities, whether individual, corporate, associate or otherwise, of Defendants and/or their alter egos sued herein as DOES I through X, and ROE Business Entities I through X, inclusive, are presently unknown, and Plaintiff therefore sues these defendants by such fictitious names. Plaintiff Kelaa will amend this Complaint to allege the true names of any and all Doe and Roe defendants as alleged herein and/or after their true names and capacities are ascertained.

9. This Court has primary jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question) because Plaintiff Kelaa is making claims under Title VII. Additionally, this Court has supplemental jurisdiction over any state law claims pled pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this district because all material allegations in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

11. Kelaa incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

12. On or about July 30, 2021, Kelaa initiated the process of filing a Charge of Discrimination against her former employer Diamond, a defendant named in this action with the Nevada Equal Rights Commission ("NERC"), wherein she alleged discrimination and harassment based on sex (female) and national origin (Middle Eastern), as well as alleging retaliation.

13. On or about January 7, 2022, the NERC issued a Notice of Right to Sue.

14. This action is timely filed pursuant to 42 U.S.C § 2000e-5(f).

15. Kelaa has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with the Court.

**GENERAL ALLEGATIONS**

16. Kelaa incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

*Kelaa Begins Working for Diamond*

17. On or about October 2016, Diamond hired Kelaa as a full-time Sales Agent in the Las Vegas office.

18. Kelaa worked at Polo Towers by Diamond located at 3745 S. Las Vegas Blvd. in Las Vegas, Nevada earning between $160,000 to $200,000 yearly in the beginning.



19. Kelaa quickly experienced success in her career with Diamond and became a top sales representative working her way up to Sales Manager earning approximately $360,000 yearly.

20. Kelaa's outstanding work performance was clearly demonstrated by her sales numbers, for which she has been recognized in The Campions Club for three years in a row, Top Employee, top manager, and Employee of the Month (on several occasions).

*Bloom Creates a Hostile Work Environment Towards Kelaa*

21. During her employment with Diamond, Kelaa reported to Bloom, the Director of Sales at Diamond's Las Vegas Office.

22. Kelaa was the only female manger in her department after another female co-worker/manager quit her position at Diamond due to the toxic work environment.

23. Around October 2020, Bloom began sexually harassing Kelaa by constantly questioning her if she had "fake boobs."

24. Bloom began calling Kelaa "sweetie," "honey," and "hot, tall girl with long hair and big boobs."

25. Bloom subjected Kelaa to discrimination based on her national origin by making comments to her that he would "wipe out the Arabic mafia" before he starts a new floor.

26. During meetings at Diamond, Bloom would make comments that he could not understand Kelaa due to her accent and would downplay her accomplishments in front of her team.

27. When interviewing agents, Bloom would call the agents Kelaa's "people" due to their nationality and say they would have to be on Kelaa's team because of their nationality.

28. Bloom harassed Kelaa and agents that wanted her to work at their sales tables.

29. Bloom would stop talking to an agent if the agent required helped and asked Kelaa for assistance. This left the other agents scared of the repercussions from Bloom if they had Kelaa work at their tables.

/ / /



30. Bloom also constantly questioned agents about Kelaa's actions on the sales floor even though she had been approved by the Quality Assurance office.

31. Bloom's harassment of the agents kept Kelaa from finding work at the agents' tables, which in turn affected her commission pay.

32. The harassment from Bloom continued. In one instance, Bloom wrote an employee up for yelling at him. Later, the same employee yelled obscenities at Kelaa, and Bloom refused to write the employee up. Kelaa sent an email to HR in order to document the disparate treatment.

33. In several other instances, Bloom would complain that Kelaa would show up to work late even though he knew she was approved for time off which would leave an unfavorable impression with her colleagues.

34. In another instance, Bloom walked up to Kelaa and pressed his finger into Kelaa's shoulder several times stating that she would be gone before he ever got in trouble and that he would be the last one standing.

***Kelaa Reports Bloom to Human Resources and Kassas Retaliates Against Her***

35. On or about March 21, 2021, Kelaa filed an internal complaint with Human Resources ("HR") Manager Claudia Cruz ("Cruz") against Bloom.

36. Kelaa reported to Cruz the sexual discrimination and harassment as well as the discrimination based on her national origin she had been subjected to by Bloom.

37. Upon information and belief, Kelaa was not the first employee to file a similar complaint against Bloom.

38. On or about March 25, 2021, Shadi Kassas ("Kassas"), Regional Vice President of Sales for Diamond, and Cruz met with Kelaa and told Kelaa that she was being sent home without pay while the complaint she filed was being investigated.

39. Kassas and Cruz also informed Kelaa that in order to return to work, she would have to accept a demoted position.

/ / /



40. After Kelaa was sent home without pay, another manager contacted Kelaa and tried to convince her to withdrawal her complaint.

41. He made comments such as, "imagine walking into the HR manager's office and telling him you want to drop the complaint and moving on from this experience" or "wouldn't it be easier to swallow this pill and move on from this."

42. He continued to tell Kelaa there are a lot of other employees that complain about leadership, but Diamond will always support leadership over those complaining.

43. He tried to convince Kelaa to take the demotion.

**Kelaa Begins Seeing a Therapist for Her Stress and Anxiety**

44. Kelaa began seeing a therapist from the stress of filing a harassment complaint against Diamond's leadership with no resolution, the loss of pay resulting in her personal bills growing and the pressure to take a demoted position.

45. She was forced to see a therapist weekly and required medication to treat her sleep loss and anxiety.

**Kelaa Was Constructively Discharged**

46. On or about May 11, 2021, Kelaa attempted to return back to work.

47. Since her Sales Manager position had been taken from her, she was advised that it was not clear what position or department she would report to, so Kelaa was instructed to return home and she would be contacted later.

48. Two months had passed since Kelaa had filed a complaint with HR against Bloom's discrimination and the hostile work environment, when Kassas finally met with Kelaa to discuss her complaint.

49. Kassas informed Kelaa the investigation into her complaint was concluded and unfounded.

50. Kassas advised her that if she wanted to return to work it would have to be at another location and/or in a demoted position. He also stated that Kelaa would not receive the

///

award she earned in March 2021 as a top manager until she agreed to the demoted position and dropped the investigation.

51. Kelaa reached out to HR regarding the investigation into her complaint and was told there had not been an investigation.

52. After two months went by despite being told her complaint would take 72 hours to be investigated and having to accept a demotion in title and in pay, and the continuation of harassment and retaliation from Bloom and Kassas, Kelaa was forced to constructively discharge her employment on June 1, 2021.

*Kelaa Suffered Mentally and Emotionally as a Result of Bloom and Kassas' Conduct*

53. Kelaa suffered significant mental and emotional distress due to the sexual discrimination, hostile work environment and retaliation from Bloom and Kassas.

54. Kelaa was extremely embarrassed when Bloom would make inappropriate and demeaning comments to her in front her team and other agents in the workplace.

55. Kelaa also experienced severe stress and anxiety when Defendants retaliated against her for reporting Blooms discrimination and harassment by sending her home without pay and then forcing her to accept a demotion for less pay.

56. Kelaa was forced to seek therapy for her severe and extreme emotional distress and anxiety resulting from the harassment, and sexual discrimination, which led to her constructive discharge.

## CAUSES OF ACTION

**COUNT I – Discrimination Based on Sex in Violation of Title VII and NRS § 613.330**

**(Defendants Diamond and Hilton)**

57. Kelaa incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

58. Kelaa is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on sex (female), including harassment of a sexual nature.

/ / /



59. Diamond is an employer subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, and thus, has a legal obligation to provide Kelaa with a work environment free from discrimination and harassment.

60. Hilton, as successor-in-interest to Defendant Diamond and/or a successor to the assets and liabilities of Defendant Diamond, is an employer subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, and thus, has a legal obligation to provide Kelaa with a work environment free from discrimination and harassment.

61. Corporate Defendants refused to take reasonably adequate steps to prevent discrimination and harassment against Kelaa.

62. Corporate Defendants discriminated against Kelaa and subjected her to harassment when she was subjected to verbal conduct of a sexual nature in the workplace by Bloom calling Kelaa "sweetie" "honey" and "hot, tall girl with long hair and big boobs."

63. The foregoing conduct was unwelcome.

64. The foregoing conduct was sufficiently severe or pervasive to alter the conditions of Kelaa's employment and create an abusive working environment.

65. Corporate Defendants failed to remedy the foregoing conduct of which it knew or should have known.

66. No other similarly situated persons, not of Kelaa's protected class, were subject to the same or substantially similar conduct.

67. Kelaa has suffered damages including lost wages (including back pay and front pay), lost employment, lost benefits, lost earning capacity, lost opportunities, emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life in an amount to be proven at trial.

68. Corporate Defendants intentionally, voluntarily, deliberately, and willfully retaliated against, discriminated against, and constructively discharged Kelaa, and such actions were intentional, willful, malicious, and/or done with reckless disregard for Kelaa's protected rights.

/ / /

69. Due to Corporate Defendants' violations of Title VII and NRS 613.330, Kelaa was forced to bring this action and is entitled to recover her attorney's fees and costs.

70. Further, Corporate Defendants violated Title VII and NRS 613.330 with an intent to injure Kelaa or with a conscious disregard of her rights.

71. Corporate Defendants' violations of Title VII and NRS 613.330 constitute despicable conduct that subjected Kelaa to cruel and unjust hardship with a conscious disregard of her rights.

72. Kelaa requests relief as described in the Prayer for Relief below.

**COUNT II – Discrimination Based on National Origin in Violation of Title VII and NRS § 613.330**

**(Defendants Diamond and Hilton)**

73. Kelaa incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

74. Kelaa is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on national origin discrimination.

75. Corporate Defendants are an employer subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, and thus, has a legal obligation to provide Kelaa with a work environment free from discrimination and harassment.

76. Corporate Defendants refused to take reasonably adequate steps to prevent discrimination and harassment against Kelaa.

77. Corporate Defendants discriminated against Kelaa and subjected her to discrimination when she was subjected to verbal conduct of racial nature in the workplace by Bloom making the statement to Kelaa "wipe out the Arabic mafia before he starts a new floor," and calling potential agents her "people" due to their nationality and stating those agents would have to be on her team.

78. The foregoing conduct was unwelcome.

79. The foregoing conduct was sufficiently severe or pervasive to alter the conditions of Kelaa's employment and create an abusive working environment.

80. Defendants failed to remedy the foregoing conduct of which it knew or should have known.

81. No other similarly situated persons, not of Kelaa's protected class, were subject to the same or substantially similar conduct.

82. Kelaa has suffered damages including lost wages (including back pay and front pay), lost employment, lost benefits, lost earning capacity, lost opportunities, emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life in an amount to be proven at trial.

83. Corporate Defendants intentionally, voluntarily, deliberately, and willfully retaliated against, discriminated against, and constructively discharged Kelaa, and such actions were intentional, willful, malicious, and/or done with reckless disregard for Kelaa's protected rights.

84. Due to Corporate Defendants' violations of Title VII and NRS 613.330, Kelaa was forced to bring this action and is entitled to recover her attorney's fees and costs.

85. Further, Corporate Defendants violated Title VII and NRS 613.330 with an intent to injure Kelaa or with a conscious disregard of her rights.

86. Corporate Defendants' violations of Title VII and NRS 613.330 constitute despicable conduct that subjected Kelaa to cruel and unjust hardship with a conscious disregard of her rights.

87. Kelaa requests relief as described in the Prayer for Relief below.

**COUNT III – Retaliation in Violation of Title VII and NRS § 613.340**

**(Defendants Diamond and Hilton)**

88. Kelaa incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

89. Federal and state statutes, 42 U.S.C § 2000e-3 and NRS § 613.340, prohibit employers from retaliating against employees when engaging in protected activities.

90. Kelaa engaged in a protected activity when she filed a complaint with HR detailing Bloom's harassment and hostile work environment.



91. Corporate Defendants, through their managers and directors, took materially adverse actions and otherwise retaliated against Kelaa for participating in this protected activity when:

    a. Diamond removed Kelaa from the workplace instead of Bloom.

    b. Diamond demoted Kelaa from Sales Manager to In-House Agent and Sampler Agent, which resulted in lower pay.

    c. Diamond constructively discharged Kelaa.

92. The above listed materially adverse employment actions would deter a reasonable person from engaging in protected activity protected by Title VII and NRS § 613.340.

93. Corporate Defendants failed to adequately supervise, control, discipline or otherwise penalize the conduct, acts, and failures of its employees and thereby ratified these wrongful actions.

94. Corporate Defendants' material adverse actions would not have occurred but for the retaliation.

95. Kelaa has suffered damages including lost wages (including back pay and front pay), lost employment, lost benefits, lost earning capacity, lost opportunities, emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life in an amount to be proven at trial.

96. Corporate Defendants intentionally, voluntarily, deliberately, and willfully retaliated against, discriminated against, and constructively discharged Kelaa, and such actions were intentional, willful, malicious, and/or done with reckless disregard for Kelaa's protected rights.

97. Due to Corporate Defendants' violations of Title VII and NRS 613.340, Kelaa was forced to bring this action and is entitled to recover her attorney's fees and costs.

98. Further, Corporate Defendants violated Title VII and NRS 613.340 with an intent to injure Kelaa or with a conscious disregard of her rights.

/ / /

/ / /



99. Corporate Defendants' violations of Title VII and NRS 613.340 constitute despicable conduct that subjected Kelaa to cruel and unjust hardship with a conscious disregard of her rights.

100. Kelaa requests relief as described in the Prayer for Relief below.

**COUNT IV – Intentional Infliction of Emotional Distress**

**(All Defendants)**

101. Kelaa incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

102. Defendants' conduct was extreme and outrageous in subjecting Kelaa to sexual harassment including, without limitation, Bloom calling Kelaa inappropriate sexual pejorative terms "sweetie," "honey," and "hot, tall girl with long hair and big boobs," and national origin discrimination including, without limitation, stating he would "wipe out the Arabic mafia before he starts a new floor."

103. Defendants' conduct was extreme and outrageous when they removed Kelaa from the workforce without pay while leaving her harasser in her position.

104. Defendants' conduct was extreme and outrageous when they forced Kelaa to take a demoted position with less pay despite her stellar performance as a Sales Manager.

105. Defendants' intended to cause emotional distress to Kelaa or acted with reckless disregard of causing her emotional distress.

106. Kelaa suffered severe or extreme emotional distress as a result of Defendants' conduct including, but not limited to, severe or extreme emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life.

107. Defendants' violated Title VII with an intent to injure Kelaa or with a conscious disregard of her rights or safety.

108. Defendants' acts also constitute despicable conduct that subjected Kelaa to cruel and unjust hardship with a conscious disregard of her rights.

109. Kelaa requests relief as described in the Prayer for Relief below.

/ / /



**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For damages, the full amount to be determined at trial;

2. For punitive damages in an amount to be determined at trial;

3. For attorneys' fees and costs as may be recoverable in connection with this suit; and,

4. For such other and further relief as this court deems just and equitable.

Dated this 1st day of April 2022.

HONE LAW

_____
Jill Garcia, NV Bar No. 7805
jgarcia@hone.law
Amy L. Howard, NV Bar No. 13946
ahoward@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson NV 89074

*Attorneys for Plaintiff*
*Liliane Kelaa*